JOHN SICCARDI, PLAINTIFF-RESPONDENT, v. JOHN CARUSO, DEFENDANT-APPELLANT; BUSINESS FINANCE COMPANY, A CORPORATION OF NEW JERSEY, JOHN MORANO AND ANTHONY SALPIETRO, DEFENDANTS-RESPONDENTS.

Submitted October 5, 1937—Decided April 9, 1938.

112

Before Justices CASE and DONGES.

For the plaintiff-respondent, *Harry W. Sherman.*

For the defendant-appellant, *Lester J. Kramer.*

The opinion of the court was delivered by

CASE, J.   Plaintiff sued Caruso, a constable (and others), upon an alleged conversion of moneys, the proceeds of a chattel mortgage sale.   Judgment went against Caruso, and he alone appeals.   We shall dispose of the case strictly as briefed and in reliance upon the rule that the Supreme Court will not review the findings of a District Court upon questions of fact beyond inquiring whether there was legal evidence upon which the findings may be based.

There was proof upon which it could be found that on December 11th, 1936, plaintiff recovered a judgment against Anthony Salpietro for $405.07, damages and costs, in the District Court of the Second Judicial District of the county of Hudson;   that execution was forthwith issued and levy made, and that on January 11th, 1937, sale was had thereon and the goods were sold to plaintiff for $75 subject to the then existing liens, the said $75 not being paid in cash but by a credit on the execution;   that the only claims which could be prior were (1) a chattel mortgage, not challenged herein, under which the goods were subsequently sold in foreclosure by defendant, Caruso, as constable, from which Caruso received $685 gross, reduced to $236.67 (the sum now litigated) by the payment of the chattel mortgage and the expenses of sale, and (2) the claim of Austin Nichols & Company, Incorporated, disputed by plaintiff;   that the claim

of Austin Nichols & Company, Incorporated, consisted of a judgment for $105.30 against Salpietro and others entered November 23d, 1936, in the First District Court of Jersey City upon which execution issued, by virtue of which there was an attempted levy on November 27th, 1936, followed by a purported sale on December 11th, 1936, for the consideration of $1 to Austin Nichols & Company, Incorporated, that the constable who undertook to make that levy did not make actual seizure of the goods and did not annex to the execution either an inventory of the goods levied upon or a statement of the actual time of making the levy and did not make return of the execution to the court or file the execution with the clerk of the court from which it issued within thirty days from the time the constable received it; and that at or after the purported sale of the chattels under the Nichols levy the purchaser thereat did not actually or constructively enter upon the possession or control thereof, but that the judgment debtor continued to operate, in his own interest, as theretofore, the merchandising business, the stock and fixtures of which were the subject of the levy and sale; that the constable did not prepare or execute a bill of sale to Austin Nichols & Company, Incorporated, until February 26th, 1937, after the events herein sued on had occurred and after the instant suit had been started and summons served; that Caruso was, at all times, on notice as to plaintiff's status and rights, and that demand had been made upon him before any of the surplus funds from the chattel mortgage sale had been disbursed for the payment thereof to plaintiff. The dispute is chiefly on the question whether Caruso was justified, on February 9th, 1937, in paying, from the surplus moneys remaining in his hands, the sum of $79.67 to Austin Nichols & Company, Incorporated, on account of its "judgment."

Appellant's first point is that "the trial court erred in giving judgment for the plaintiff for the reason that there was no proof that the plaintiff had title to the goods, chattels or moneys alleged to have been converted by the defendant, John Caruso, and if he had title it was to only part of the chattels."

We think that the foregoing recital of the facts shows at least colorable title in plaintiff to the chattels before the mortgage sale and an equal right to the surplus in funds arising from that sale and remaining after payment of the chattel mortgage and the expenses of the sale. The constable in the Nichols case clearly failed to make return of the execution to the clerk, with the record of what he had done up to that time, within the thirty days allowed by section 189 of the District Court act and to comply with the requirement, contained in the one hundred and ninety-ninth section of the same act, that he annex an inventory in writing and the levy, with a statement of the actual time of making the levy, over his signature, to the execution.

Defendant leaves us confused as to the position in which he would place the Nichols company. That corporation appears as a judgment creditor with a defective levy and a faulty return; a purchaser for an unpaid and, so far as appears, uncredited consideration of $1, having never had actual or constructive possession of the goods and with no bill of sale delivered or executed until a day more than two weeks after the summons in this suit had been served on the appellant. Was the $79.67 paid to it as the owner of the equity in the chattels or as a judgment creditor with a levy under a live execution? The execution seems to have been thoroughly exhausted so far as these chattels were concerned. Under it there had been a sale, if the proceeding really was a sale; and appellant's brief, under the first point, names the Nichols company a purchaser. But if it occupied that status, what further jurisdiction did the Jersey City District Court have over the excess moneys from the foreclosure sale? The Nichols interest would be that of owner, not of judgment creditor with the lien of a levy. Why did the judge of that court make an order upon Caruso, who was not an officer of that court, to pay over on account of the Nichols execution and why, when the $79.67 was paid, was it endorsed on the Nichols execution as a payment "on account of judgment?" Without further explanation, or more explicit proofs, or both, satisfactory analysis may not be made.

The jurisdiction of the District Court of the Second Judicial District to entertain the suit and give the remedy sought is not challenged except as presented under the second point, which is stated thus: "The trial court was without jurisdiction or authority to collaterally attack the execution, sale and order of another court of concurrent jurisdiction;" but the point is narrowed by the argument made thereunder, for the entire argument is upon the proposition that where one court has taken possession of property through its officers, as a bankruptcy court taking over the estate of a bankrupt upon the filing of a petition, or a law court taking the custody of property through the instrumentality of a sheriff or constable acting under a writ of execution or when money is paid into court upon sale under lawful levy, the court which thus acquires possession of the property may lawfully assume the disposition of it and that one court may not compel a party or an officer to bring before it property that is in the custody of another court. The authorities relied upon to support that proposition are as follows: *Koplowitz* v. *Trugman et al.*, 105 *N. J. Eq.* 38; *Wabash Railroad Co.* v. *Adelbert College*, 208 *U. S.* 38; *Lion Bonding and Surety Co.* v. *Karatz*, 262 *Id.* 77; *Woodruff* v. *Chapin*, 23 *N. J. L.* 566; *Heinselt* v. *Smith*, 34 *Id.* 215. But, as we view it, the facts necessary to the application of that policy do not here exist. The money in the constable's hands was not raised by, or under the direction of, the Jersey City court, and that court, because of the failure of its executing officer, never had either the chattels or the fund realized from the sale of the chattels actually or constructively in its possession.

It is thirdly presented that "the judgment entered in this cause was void in that the court reserved decision and the clerk did not notify the parties by registered mail forthwith of the court's determination when made." This goes to a situation that is not contained within the record. There is nothing disclosed to us upon which such an alleged inaction may be presented as a ground of appeal.

Finally, it is said that "the trial court erred in giving judgment for the plaintiff because there was no evidence that said

plaintiff had caused a levy to be made on any moneys in the hands of the defendant, John Caruso." Appellant frankly states that he can find no authority to sustain the point. We consider that there is evidence to support the findings of the court below.

We discover no reversible error in any of the matters presented on appellant's brief. Judgment below will be affirmed, with costs.