BESSIE BARNES, PLAINTIFF-RESPONDENT, v. BROWELL BUS COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 5, 1943—Decided June 1, 1943.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-respondent, *Pearce R. Franklin.*

For the defendant-appellant, *Alan Kraut.*

The opinion of the court was delivered by

PORTER, J.  This appeal is from a judgment for the plaintiff obtained in the Second District Court of Newark.  The plaintiff, while driving an automobile, came into collision with an automobile-bus of the defendant, which resulted in personal injuries to her.  She charged that the defendant bus was being operated negligently by stopping suddenly at an improper place directly in front of where she was driving, which wrongful act was the proximate cause of the collision.  The defendant counter-claimed for damage to its bus, denying any negligence and charging her with negligence which caused the collision.  Thus the conduct of the drivers of both vehicles was the issue of fact before the trial judge.  He found that the proximate cause of the collision was the negligence of the bus driver and that there was no contributory negligence by the plaintiff.  The appellant argues that there was no testimony of any negligence by its driver.  We do not so read the testimony.  There was testimony from which the court could have found that the bus was traveling at an exces-

sive rate of speed, that it passed the plaintiff's car shortly before the collision and turned directly in front of it, stopped suddenly without warning in the center of the street at an intersection to discharge a passenger.

Nor do we agree with appellant's contention that there was clear proof of contributory negligence by the plaintiff. The interval of time between the stop of the bus and the collision was stressed so that the court had proofs on that point from which he could determine whether the nature and place of the bus stopping was the proximate cause, or whether there was an intervening cause of the collision; in other words, whether the plaintiff, confronted with this emergency, had acted or failed to act as a reasonably prudent person would have acted in the circumstance. We conclude that these questions were all factual questions for the trial judge and that there was evidence upon which he could have found as he did.

This court will not review findings of the District Court upon questions of fact beyond inquiring whether there was legal evidence upon which the findings could be based. *Siccardi* v. *Caruso,* 120 *N. J. L.* 111; 198 *Atl. Rep.* 370.

The judgment will be affirmed, with costs.